This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, James C. Smith, appeals from his conviction for possession of cocaine in the Summit County Court of Common Pleas. We affirm.
On August 24, 2001, the Summit County Grand Jury indicted Defendant on one count: possession of cocaine, in violation of R.C. 2925.11(A). A jury trial followed. Pursuant to Crim.R. 29, Defendant moved for acquittal following the State's case-in-chief and his case-in-chief. The trial court denied his motion in both instances. Thereafter, on November 11, 2001, the jury found Defendant guilty of possession of cocaine. The trial court sentenced him accordingly. Defendant timely appeals and raises two assignments of error for review, which we will address jointly as they address similar issues of law and fact.
 ASSIGNMENT OF ERROR I "[Defendant's] conviction was based on insufficient evidence as a matter of law."
 ASSIGNMENT OF ERROR II "[Defendant's] conviction was against the manifest weight of the evidence."
In his first and second assignments of error, Defendant challenges the adequacy of the evidence produced at trial. Specifically, Defendant avers that his conviction for possession of cocaine was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignments of error lack merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
Defendant was found guilty of possession of cocaine, in violation of R.C. 2925.11(A). R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
In the present case, Defendant's argument focuses on whether he knowingly "possessed" the cocaine that was found. Specifically, Defendant contends that his conviction should be reversed because the State did not prove that he "possessed" the cocaine. However, we find that there was ample evidence presented at trial to show that Defendant possessed the cocaine.
Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
"Possession may be actual or constructive." State v. Kobi (1997),122 Ohio App.3d 160, 174. The courts have defined constructive possession as "knowingly exercis[ing] dominion and control over [the drugs], even though [the drugs] may not be within his immediate physical possession" or knowledge of the presence of the drugs. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. See, also, State v. Wolery (1976),46 Ohio St.2d 316, 329. Furthermore, ownership of the drugs need not be proven to establish constructive possession. State v. Mann (1993),93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the element of constructive possession. See State v. Jenks (1991),61 Ohio St.3d 259, 272-73; State v. Butler (1989), 42 Ohio St.3d 174,176; Hankerson, 70 Ohio St.2d 87 at syllabus.
At trial, Sergeant Anthony Starvaggi testified that he was patrolling the area of Madison and Peckham, which was a known drug area, on August 2, 2001. He explained that when he turned onto Peckham he saw Defendant interacting with a group of people in the street and they immediately dispersed upon seeing his police cruiser. Sergeant Starvaggi stated that Defendant was riding a bicycle and, as Defendant rode away, he continuously looked back toward him. Sergeant Starvaggi further testified that he circled the block and when he returned to Peckham, he saw Defendant talking to another individual. He said that Defendant, again, rode away and continued to look back in his direction. Sergeant Starvaggi stated that he circled the area for a second time and saw Defendant at the corner of Peckham and Wildwood. He said that Defendant immediately rode his bicycle southbound on Madison, and Defendant repeatedly looked over his shoulder at him. Sergeant Starvaggi asserted that he did not see any other individual on Madison. He did admit that he lost sight of Defendant for approximately two seconds; however, he maintained that he suspected that Defendant threw something into the grassy area in the front yard of 395 Madison during that two second interval. Therefore, Sergeant Starvaggi explained that he approached the grassy area in the front yard of 395 Madison and discovered a bag of crack cocaine. He stated that at this point, Defendant had disappeared. Additionally, Sergeant Starvaggi noted that the bag of cocaine was dry; however, the grass was wet from dew. He concluded that the bag had not been there long. Sergeant Starvaggi testified that he circled the block again and, as he turned onto Madison, he saw Defendant straddling his bicycle and looking down at the grassy area in the front yard of 395 Madison. Finally, Sergeant Starvaggi testified that he arrested Defendant for possession of cocaine.
After the State rested, Defendant testified that he was in the area of Peckham and Wildwood on August 2, 2001. He acknowledged that he was talking to people in the street that day. Also, he admitted that he was standing in the front yard of 395 Madison; however, he denied looking for something in the grass.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of possession of cocaine. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit. Accordingly, Defendant's first and second assignments of error are overruled.
Defendant's assignments of error are overruled. The conviction in the Summit County Court of Common Pleas is affirmed.
BAIRD, J., WHITMORE, J. CONCUR.